IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Walter Steve Wilson, Jr., )
    Plaintiff, )
     )
v. ) 1:13cv680 (TSE/TCB)
     )
H.C. Ray, )
    Defendant. )

MEMORANDUM OPINION AND ORDER

Walter Steve Wilson, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendant was deliberately indifferent to his serious medical needs. By Order dated December 4, 2013, plaintiff was instructed to particularize and amend his allegations. After careful review of plaintiff's amended complaint, it is clear that the complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

## I. Background

Plaintiff's allegations are brief. Plaintiff alleges that on November 7, 2012, he was scheduled to see a specialist to do a yearly check-up on his aneurysm. Am. Compl. 1 of 4. The medical transport vehicle, however, broke down on its way to pick plaintiff up and plaintiff ended up missing his appointment. Id. Though plaintiff is supposed to have his aneurysm checked each year, his aneurysm was never checked in 2012. Id. Plaintiff did, however, have

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

his aneurysm checked on February 25, 2013, and he states that his aneurism "has grown from 3.5cm to 4.28cm." Id. at 3 of 4. Plaintiff states that by defendant not keeping the appointment in 2012, defendant was negligent and "deliberately indifferent to [sic] actual intent or reckless disregard for the serious need that the appointment be kept." Id. at 4 of 4.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 555 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[,]" however, to meet this standard, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

## III. Analysis

To state a claim for deliberate indifference to serious medical needs that rises to the level of a constitutional violation, a plaintiff must allege two distinct elements. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need.

Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

Here, plaintiff's own allegations show that he did ultimately have his aneurism checked, though not within plaintiff's preferred timeframe. Am. Compl. 3 of 4. The cause of delay in his appointment, however, was not due to any action by defendant but due to the medical transport van breaking down. Id. at 1 of 4. Though plaintiff argues that defendant's failure to reschedule his appointment in 2012 amounts to deliberate indifference, this argument is without merit. Rather, it shows that the medical need plaintiff complains of were ultimately resolved when he

had his aneurysm checked on February 25, 2013.[2] Even accepting without deciding that defendant did deliberately delay the appointment, these are not the type of actions that are "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See Estelle, 429 U.S. at 106.

Further, plaintiff's allegation that defendant was "deliberately indifferent to actual intent or reckless disregard for the serious need that the appointment be kept," Am. Compl. 4 of 4, amounts to nothing more than "threadbare recitals . . . by mere conclusory statements," see Twombly, 550 U.S. at 555. As such, his complaint must be dismissed.

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)[3]; and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[4] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED, as moot.

---

[2] If true that plaintiff's aneurism has increased from 3.5cm to 4.28cm as he alleges, am. compl. 4 of 4, then, presumably, the treating and examining physician has considered whether further treatment is necessary and, if so, has ordered that treatment.
[3] Nothing in this Order is intended to address or suggest any opinion as to whether there may in the future be a valid claim for deliberate indifference to plaintiff's serious medical needs relating to the post-February diagnosis and treatment of the aneurism.
[4] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff and to close this civil action.

Entered this 6th day of January 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge